2000 UT 62

**STATE of Utah, Plaintiff and Appellee,**

v.

**Donald VETETO, Defendant and Appellant.**

No. 981753.

Supreme Court of Utah.

Aug. 8, 2000.

Jan Graham, Att'y Gen., J. Frederic Voros, Jr., Asst. Att'y Gen., Salt Lake City, and Matthew B. Jube, Provo, for plaintiff.

Margaret P. Lindsay, Provo, for defendant.

WILKINS, Justice:

¶ 1 Defendant Donald Veteto appeals from convictions for aggravated burglary, a first degree felony, aggravated robbery, a first degree felony, and possession of a firearm by a restricted person, a third degree felony. We affirm, but remand for the limited purpose of inclusion of the required findings on the record regarding defendant's objections to the presentence investigation report, pursuant to Utah Code Ann. § 77–18–1(6)(a) (Supp.1999).

## BACKGROUND [1]

¶ 2 On April 6, 1998, shortly after noon, Kornya French placed a 911 telephone call indicating that defendant and five or six companions had invaded her home in Pleasant Grove, Utah. She gave her address and described the approximate number and the gender of the invaders. She also said that handguns had been used and that the intruders left in three vehicles: a green Chevrolet pickup truck, a blue Chevrolet S–10 truck, and a maroon passenger car. Officer Flygare received the dispatch call. He visited French at her home, and while French was providing Officer Flygare with information about the intruders, a green truck drove by which French pointed out as being the green truck she had seen in front of her home when the suspects first arrived. Officer Flygare broadcast the description and approximate location of the green truck, asking that it be stopped in connection with the aggravated burglary. Another officer, Officer Tauffer, pursued and stopped the truck to question the driver about the incident.

¶ 3 The sole occupant of the truck, Tiffanee Davis, told Officer Tauffer that earlier that morning one of defendant's companions, Jason Kohl, had asked her to show him where French lived. She agreed and drove down the street to French's apartment with Kohl, Veteto, and Pettingill and the group of individuals that were with them, following in their vehicles. After pointing out French's apartment, Davis left and went back to her own home. Approximately ten minutes passed before Kohl and the others returned to Davis' house. Davis saw guns in both Kohl's and Veteto's hands at that time. It was shortly thereafter that Davis left her house and was stopped by the officers.

¶ 4 Davis told the officers that Kohl was driving a blue truck and that another of the companions had a maroon car. She also told the officer that the group was currently at Davis' house. Officer Tauffer broadcast this information over his police radio. The officers followed Davis toward her residence. While on the way, the officers saw a blue truck and a maroon car driving in the opposite direction. Officer Eastman stopped Kohl's blue truck, which was occupied by Kohl, Veteto, and Candace Carter. The officers observed two guns in the bed of the

---

1. We recite the facts from the record in the light most favorable to the jury's verdict. *See State v. Johnson,* 784 P.2d 1135, 1137 (Utah 1989).

truck. In the maroon car, officers found four other companions, including Frank Pettingill. The officers found three handguns in the second vehicle.

¶ 5 Defendant Veteto was charged with aggravated burglary of a dwelling, aggravated robbery, and possession of a firearm by a restricted person. He was tried with Kohl and Pettingill in the same proceeding before the same jury. All three were convicted of aggravated burglary. Kohl and Veteto were convicted of possession of a firearm by a restricted person. Veteto was also convicted of aggravated robbery.

¶ 6 The trial court sentenced Veteto to concurrent statutory terms at the Utah State Prison. In addition, the trial court determined that the group crime penalty enhancement statute, Utah Code Ann. § 76–3–203.1 (Supp.1999), was applicable and imposed an additional term of four years. Veteto appeals.

¶ 7 Veteto raises three arguments on appeal: (1) The trial court erred in denying his motion to suppress the admission of the weapons found in the vehicles at the time of his arrest; (2) the trial court erred by failing to properly instruct the jury as to the elements of the offense required for the group crime enhancement; and (3) the trial court erred by failing to properly resolve errors or inaccuracies in the presentence investigation report.

## ANALYSIS

### I.  MOTION TO SUPPRESS

■ ¶ 8 " 'We review the factual findings underlying the trial court's decision to grant or deny a motion to suppress evidence using a clearly erroneous standard.' " *State v. Pena*, 869 P.2d 932, 939 n. 4 (Utah 1994) (quoting *State v. Brown*, 853 P.2d 851, 855 (Utah 1992)). However, we review the trial court's conclusions of law based on these findings for correctness, with a measure of discretion given to the trial judge's application of the legal standard to the facts. *See Pena*, 869 P.2d at 936–39.

■ ¶ 9 Veteto's motion to suppress the admission of the weapons was made jointly with co-defendant Kohl. Under these identical circumstances in *State v. Kohl*, 2000 UT 35, 999 P.2d 7, we upheld the officers' stop of the vehicle in which Veteto was a passenger as supported by reasonable suspicion and affirmed the trial court's ruling denying the motion to suppress the evidence. The officer personally confirmed in his interview with French the dispatcher's report of the information received in the 911 call. French then identified the green truck by pointing it out to the officer. The later interview with the driver of the green truck, Tiffanee Davis, further confirmed critical elements of the description given by French. As in *Kohl*, and for the same reasons, we hold that the officers' stop was supported by reasonable suspicion, and affirm the trial court's ruling on the motion to suppress.

### II.  GROUP CRIME PENALTY ENHANCEMENT STATUTE

■ ¶ 10 Veteto raises concerns about the application of the group crime enhancement under Utah Code Ann. § 76–3–203.1 (Supp.1999) that are identical to those raised by his co-defendant in *Kohl*. Under our decision in *State v. Lopes*, 1999 UT 24, 980 P.2d 191, all elements of the "group crime" charge must be proven by the State beyond a reasonable doubt. A defendant also has a constitutional right to have a jury decide whether the group crime enhancement applies and whether the State has proved each element beyond a reasonable doubt. *See id.* at ¶¶ 16–17. This determination cannot be made by the trial judge. As we said in *Kohl*, we agree that our holding in *Lopes* applies to this case, and that the court violated Veteto's constitutional right to a jury trial by not properly submitting the matter to the jury with the necessary instructions. However, as we also said in *Kohl*, under the unique facts of this case, the error was without legal consequence. The only factual element required to have been found by the jury that was not submitted to the jury in the case of Veteto was whether he committed aggravated burglary "in concert with two or more persons" as required by section 76–3–203.1(1). As with his co-defendant Kohl, Vet-

eto was tried simultaneously with two other persons, Kohl and Pettingill. All three were found guilty at the same time by the same jury of the same aggravated burglary. If properly instructed, the jury could not have found other than that each of these three defendants acted "in concert with two or more persons" in the commission of this burglary.

■ ¶ 11 As we said in *Kohl,* since the trial of Veteto and Kohl occurred *before* our decision in *Lopes,* the trial judge could not have known of our decision, and therefore the error in not requiring the jury to decide the factual question regarding defendant acting in concert with his two co-defendants cannot amount to plain error. However, for trials after *Lopes,* such an error would be plain.

¶ 12 As we held in *Kohl,* under these very limited circumstances, the error was without legal significance as applied to these defendants, and we affirm the application of the group crime enhancement to Veteto.

### III. OBJECTIONS TO THE PRE-SENTENCE INVESTIGA-TION REPORT

■ ¶ 13 Finally, Veteto seeks remand to the trial court for reconsideration of his sentencing to correct errors he claims were made in his presentence investigation report. Utah Code Ann. § 77–18–1(6)(a) (Supp.1999) and *State v. Jaeger,* 1999 UT 1, ¶¶ 44–45, 973 P.2d 404, require the trial court to resolve on the record any claimed inaccuracies in the report. Whether the trial court properly complied with a legal duty is a question of law that we review for correctness. *See State v. Kohl,* 2000 UT 35, ¶ 32, 999 P.2d 7.

■ ¶ 14 Section 77–18–1(6)(a) provides:

Any alleged inaccuracies in the presentence investigation report, which have not been resolved by the parties and the [Department of Corrections] prior to sentencing, shall be brought to the attention of the sentencing judge, and the judge may grant an additional ten working days to resolve the alleged inaccuracies of the report with the department. If after ten working days the inaccuracies cannot be resolved, the court *shall make a determination of relevance and accuracy on the record.*

(Emphasis added.) Compliance with this section "requires the sentencing judge to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *Jaeger,* 1999 UT 1 at ¶ 44, 973 P.2d 404. It is insufficient to make general statements "concerning the court's view of the defendant and the case." *Id.*

■ ¶ 15 Veteto claims the following errors were made in his presentence investigation report: (1) the report improperly included references to a prior felony conviction and probation in California; (2) two of the aggravating circumstances listed in the report were inaccurate—namely, that the victim was particularly vulnerable and that the offense was characterized by extreme cruelty; and (3) his youth was not included as a mitigating circumstance. The State conceded that the prior criminal history was in error with reference to Veteto's conviction and probation in California, and the trial court acknowledged this correction on the record. Additionally, the facts underlying Veteto's age and the victim's vulnerability were presented and argued to the court. Although the trial court clearly was aware of the issues and the alternative characterization urged by defendant, the trial court failed to make the specific findings on the record as mandated by the statute. In so doing, the trial court did not comply with its legal duty to properly resolve Veteto's objections. Accordingly, we remand to the trial court with instructions that it expressly resolve defendant's objections in full compliance with section 77–18–1(6)(a) by entering the required findings on the record. The court may hold an additional hearing if required by the circumstances, or simply enter the necessary findings upon the record where the contested issues were presented to the court and considered at the sentencing hearing.

### CONCLUSION

¶ 16 The trial court properly denied Veteto's motion to suppress the evidence seized at

the time he was arrested. The officers had reasonable suspicion to stop defendant. Further, defendant's trial was conducted simultaneously with the trials of two co-defendants, and each of the three defendants was found guilty beyond a reasonable doubt of aggravated burglary at the same time by the same jury. Therefore, if properly instructed, the jury could not have found other than that Veteto acted in concert with two or more other persons. As a result, although the trial court erroneously failed to instruct the jury on the element of the group enhancement offense as required by our later decision in *Lopes*, this unique circumstance makes the error legally insignificant. However, any similar failure after *Lopes* would be plain error and likely dealt with differently on appeal. Finally, we remand for the limited purpose of resolving Veteto's objections to the presentence investigative report on the record as required by section 77–18–1(6)(a). In all other regards, the convictions are affirmed.

¶ 17 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.