2004 UT 94

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Randy Peter KRUKOWSKI, Defendant and Respondent.**

**No. 20030154.**

Supreme Court of Utah.

Nov. 5, 2004.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Stephen R. McCaughey, Salt Lake City, for defendant.

PARRISH, Justice:

¶ 1 In this case, we decide whether police officers seeking a search warrant are obligated to disclose to the magistrate a prior illegal entry onto the premises to be searched. Police officers entered a storage unit containing evidence of methamphetamine production without first obtaining a warrant. The storage unit was under the control of defendant Randy Krukowski. Although the police officers subsequently sought a warrant, they failed to inform the magistrate of their prior illegal entry. The magistrate issued the warrant, and the police officers again entered the unit, this time seizing evidence. Krukowski moved to suppress that evidence on the ground that the police officers had not informed the magistrate of the prior illegal entry when seeking the warrant. The trial

court granted Krukowski's motion, and the court of appeals affirmed. We granted certiorari, and now reverse and remand.

## BACKGROUND

¶ 2 Mike McNaughton, a narcotics detective, received information from reliable confidential informants indicating that a "Randy Kawalski" was manufacturing methamphetamine in unit sixteen of the Midvale Self Storage facility. That tip led McNaughton to the facility, where he observed a red truck registered to Randy Krukowski parked in front of unit sixteen. McNaughton also observed that the door to unit sixteen was ajar.

¶ 3 On the basis of his observations, McNaughton requested additional narcotics detectives and a police dog to assist him at the scene. McNaughton directed the canine handler to lead the dog past storage units fifteen through eighteen. In front of unit fifteen, the dog alerted the police officers to the presence of narcotics. However, taking into account his experience, the direction of the wind, and the fact that the door to unit sixteen was ajar, the handler indicated that he believed drugs were located inside unit sixteen.

¶ 4 When McNaughton knocked on the door to unit sixteen, Krukowski answered, shutting the door behind him as he slipped outside. The officers requested permission to enter the unit, but Krukowski refused. McNaughton and another officer nevertheless entered and saw a methamphetamine production laboratory. The officers then exited the unit and disconnected its electricity. Some of the officers detained Krukowski and secured the premises while McNaughton left to seek a search warrant from a magistrate.

¶ 5 The affidavit accompanying McNaughton's application for a search warrant recited the information McNaughton had received from the confidential informants, as well as McNaughton's observations at the storage facility prior to the illegal entry. McNaughton's affidavit did not, however, disclose any information gleaned from McNaughton's en-

try into unit sixteen. In fact, the affidavit never mentioned the entry.

¶ 6 Finding that the affidavit established probable cause, the magistrate issued a warrant. The police officers then returned to the storage facility with the warrant, searched unit sixteen, seized the methamphetamine lab, and arrested Krukowski. The State charged Krukowski with operation of a clandestine lab and unlawful possession of a controlled or counterfeit substance with intent to distribute, both first degree felonies.

¶ 7 Krukowski moved to suppress the evidence gathered in the search, arguing that, pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the warrant was invalid because McNaughton had knowingly or recklessly omitted from the warrant affidavit the material fact of his prior entry.[1] Although the State admitted that the initial warrantless entry was unlawful, it argued that the subsequent search, conducted pursuant to the warrant, was nevertheless valid under the independent source doctrine articulated in *Murray v. United States*, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Under *Murray*, a warrant-based seizure that follows an unlawful entry is not subject to the exclusionary rule if the State establishes that neither the officer's decision to seek the warrant nor the magistrate's probable cause determination was prompted by observations made during the unlawful entry. *Id.* at 540, 108 S.Ct. 2529.

¶ 8 The trial court granted Krukowski's motion and suppressed the evidence seized during the search, stating that *Murray* "require[s] an officer to inform a magistrate of [a] prior illegal entry in order to meet the heightened burden of convincing the magistrate that whatever was found during that initial illegal entry was not used to establish probable cause." Unpersuaded by McNaughton's testimony that he would have sought the warrant even had he not illegally entered the storage unit, the trial court concluded that McNaughton had not met that heightened burden. In so concluding, the

---

1. Krukowski also argued that the affidavit was inherently misleading and did not establish probable cause, that the warrant was unconstitution-

ally general, and that the magistrate had abandoned his neutral role.

trial court stated that it had "little confidence" in McNaughton's testimony "[b]ased upon the fact that [McNaughton] did not advise [the magistrate] of the fact that he made an illegal entry."

¶ 9 Concluding that the trial court correctly interpreted the scope of a police officer's duty to be candid when seeking a warrant from a magistrate, the court of appeals affirmed, holding that "an officer must be forthcoming about any conduct related to the search warrant request so that a magistrate can determine, independently, how, or if, the prior conduct impacts a probable cause determination." *State v. Krukowski*, 2002 UT App 433, ¶ 14, 62 P.3d 452. Additionally, the court of appeals concluded that the trial court did not abuse its discretion in finding that McNaughton was not credible. *Id.* at ¶ 16.

## STANDARD OF REVIEW

■ ¶ 10 "It is a fundamental tenet of certiorari review that we review the decision of the court of appeals, not that of the trial court." *State ex rel. M.W.*, 2000 UT 79, ¶ 8, 12 P.3d 80 (internal quotations omitted). In this case, we review for correctness and without deference the court of appeals' legal conclusion that a police officer seeking a warrant is required to disclose to the magistrate the existence of any prior illegal entry onto the premises. *See Hardinger v. Scott (State ex rel. B.B.)*, 2004 UT 39, ¶ 5, 94 P.3d 252.

■ ¶ 11 We are also required to review the question of McNaughton's credibility, which presents an issue of fact. " '[F]actual findings underlying the trial court's decision to grant or deny a motion to suppress evidence' " are reviewed under the clearly erroneous standard. *State v. Veteto*, 2000 UT 62, ¶ 8, 6 P.3d 1133 (quoting *State v. Pena*, 869 P.2d 932, 939 n. 4 (Utah 1994)). In this case, however, the State asserts that the court of appeals affirmed the trial court's determination of Officer McNaughton's credibility on the basis of an erroneous conclusion of law. We apply a correctness standard when re-

viewing the legal principle upon which the credibility determination is based. *See Hardinger*, 2004 UT 39 at ¶ 5, 94 P.3d 252.

## ANALYSIS

■ ¶ 12 The court of appeals erred in holding that McNaughton was obligated to disclose his illegal entry and in concluding that he was not credible because he failed to do so. Contrary to the court of appeals' holding, police officers are not required to disclose prior illegal entries when seeking a search warrant; such entries are simply not material to a magistrate's determination of probable cause, and the potentially prejudicial effect of disclosing to the magistrate a prior illegal entry outweighs any conceivable benefit to be obtained from it. Moreover, the court of appeals erred in affirming the trial court's conclusion that McNaughton was not credible because he did not disclose the prior illegal entry. Because that determination was based on an erroneous legal conclusion, the State is entitled to a new credibility assessment by the trial court unless, on remand, Krukowski is able to persuade the court of appeals that the suppression order should be affirmed on alternative grounds.

## I. THE DUTY OF DISCLOSURE BEFORE A MAGISTRATE

¶ 13 In holding that McNaughton was obligated to disclose the prior warrantless entry to the magistrate, the court of appeals reasoned that "an officer must be forthcoming about any conduct related to the search warrant request so that a magistrate can determine, independently, how, or if, the prior conduct impacts a probable cause determination." *Krukowski*, 2002 UT App 433 at ¶ 14, 62 P.3d 452. To support its reasoning, the court of appeals relied on *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), as applied by this court in *State v. Nielsen*, 727 P.2d 188 (Utah 1986).[2] *Krukowski*, 2002 UT App 433 at ¶¶ 14–16, 62 P.3d 452.

2. While the court of appeals relied primarily on *Nielsen, Krukowski*, 2002 UT App 433 at ¶ 16 n. 2, 62 P.3d 452, our opinion in *Nielsen* is essentially an application of *Franks*. Therefore, both *Franks* and *Nielsen* inform our analysis.

¶ 14 In *Franks,* the United States Supreme Court recognized that the Fourth Amendment's probable cause requirement rests on the premise "that there will be a *truthful* showing" of probable cause. 438 U.S. at 164–65, 98 S.Ct. 2674 (internal quotations omitted). If the trial court finds that a false statement in a warrant affidavit was made deliberately or with reckless disregard for the truth and that the false statement materially affected the magistrate's determination of probable cause, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Id.* at 156, 98 S.Ct. 2674.

¶ 15 In *Nielsen,* we extended the *Franks* holding to cases involving material omissions. Just as police officers may not include materially false statements in a warrant affidavit, they similarly cannot omit information that "materially affects the finding of probable cause." 727 P.2d at 191. Under *Nielsen,* omitted information will be deemed material "[i]f an affidavit fails to support a finding of probable cause after . . . the omitted information is added." *Id.*

¶ 16 While *Franks* and *Nielsen* accurately describe the importance of candor in the search warrant process, they do not decide the particular materiality issue that is of critical importance in this case. Police officers' duty to be candid to magistrates when seeking warrants does not impose an affirmative duty on them to disclose matters immaterial to a determination of probable cause. Here, the prior illegal entry does not bear upon probable cause, which must be established on the basis of circumstances existing and evidence observed independent of the illegal entry.

¶ 17 In concluding that McNaughton's prior warrantless entry was material to the magistrate's probable cause determination, the court of appeals relied on *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Although the court of appeals acknowledged that *Murray* does "not explicitly requir[e] officers to inform a magistrate of a prior illegal entry," *Krukowski,* 2002 UT App 433 at ¶ 12, 62 P.3d 452, it nevertheless relied on *Murray* and *Nielsen*

in concluding that "an officer must be forthcoming about any conduct related to the search warrant request so that a magistrate can determine, independently, how, or if, the prior conduct impacts a probable cause determination." *Id.* at ¶ 14.

¶ 18 *Murray,* however, does not support such a result. Although the *Murray* Court separately addressed the role of the magistrate in issuing a warrant and the role of the trial judge in ruling on a motion to suppress, 487 U.S. at 540, 108 S.Ct. 2529, the court of appeals conflated the two. In rejecting the argument that the availability of the independent source doctrine would give police an incentive to undertake illegal entries, the *Murray* Court observed:

> We see the incentives differently. An officer with probable cause sufficient to obtain a search warrant would be foolish to enter the premises first in an unlawful manner. By doing so, he would risk suppression of all evidence on the premises, both seen and unseen, since *his action would add to the normal burden of convincing a magistrate that there is probable cause the much more onerous burden of convincing a trial court that no information gained from the illegal entry affected either the law enforcement officers' decision to seek a warrant or the magistrate's decision to grant it.* Nor would the officer *without* sufficient probable cause to obtain a search warrant have any added incentive to conduct an unlawful entry, since whatever he finds cannot be used to establish probable cause before a magistrate.

*Id.* (first emphasis added) (citation omitted).

¶ 19 Contrary to the court of appeals' conclusion, this language neither alters the standard for establishing probable cause before a magistrate nor enlarges the scope of information material to a probable cause determination. In fact, the *Murray* Court distinguished between the "normal burden" a police officer must meet when seeking a warrant from a magistrate and the "much more onerous burden" the State must meet in the trial court when relying on the independent source doctrine to defend a motion to suppress. *Id.* While the fact of a prior illegal

entry may be material to a trial court's application of the independent source doctrine in the context of a motion to suppress, it is not material to a magistrate's determination of probable cause.

¶ 20 Krukowski argues that an officer's illegal entry is material to a magistrate's probable cause determination because a magistrate's knowledge of such an entry would aid in evaluating the officer's credibility. He asserts that an officer who would illegally enter property without applying for a warrant may be dishonest or unethical and that the magistrate should take this into account in evaluating the factual assertions contained in a warrant application. We disagree. An officer's illegal entry does not necessarily imply a defect in character. Rather, it may stem from an error of judgment, an imperfect understanding of the law, or a lack of time to make decisions. More importantly, however, while a prior illegal entry is not material to the magistrate's probable cause determination, it is material to a trial court's assessment of the officer's credibility and the independent source doctrine in the context of a motion to suppress. This is the additional and "much more onerous burden" that the United States Supreme Court described in *Murray. Id.*

■ ¶ 21 Krukowski also contends that a prior illegal entry is material to a probable cause determination because the officer may include in his warrant application facts known to him only by virtue of the illegal entry. We find this argument similarly unpersuasive because, when seeking a warrant, police officers are obligated to establish probable cause to enter based on evidence perceptible from outside the premises.

¶ 22 Our holding that police officers are not required to disclose a prior illegal entry to a magistrate when seeking a search warrant is further supported by the reality that a magistrate's knowledge of a prior entry could improperly influence his assessment of probable cause. If informed that police officers have already entered the premises sought to be searched, a magistrate could reasonably infer that the prior entry confirmed the existence of valuable evidence, thereby providing police officers with an incentive to seek a warrant.[3] In short, disclosing a prior illegal entry signals to the magistrate that incriminating evidence already has been found. We conclude that it would be unwise to require such disclosure and decline to do so.

## II. THE CREDIBILITY DETERMINATION

¶ 23 In suppressing the evidence seized from unit sixteen, the trial court held that the State had failed to satisfy the requirements of the independent source doctrine because it was not convinced that McNaughton would have sought the warrant absent the illegal entry. At least in part, the trial court based this conclusion on its determination that McNaughton was not credible because he had failed to advise the magistrate of the prior illegal entry. That assessment, however, relied on the erroneous conclusion that McNaughton had a duty to disclose the prior entry. Had the trial court understood that such disclosure was not required and, in fact, might have tainted the probable cause assessment, it may have reached a different conclusion regarding McNaughton's credibility. Similarly, in affirming the trial court's

3. In fact, a requirement that a prior illegal entry be disclosed to a magistrate would seriously limit the applicability of the independent source doctrine articulated in *Murray*. If such a requirement were in place and police officers failed to disclose the prior entry to the magistrate, the information contained in the warrant application would be automatically discredited. On the other hand, if the police were forthcoming about the prior entry, then the magistrate could draw inferences, correct or not, from the fact that police entered and were still seeking a warrant. Those inferences, however indirectly drawn, would arise from the illegal entry and would therefore preclude police officers from establishing the second prong of the *Murray* test, i.e., that the magistrate's probable cause determination was not tainted by observations made during the unlawful entry. These consequences run contrary to the policy underlying the independent source doctrine, which attempts to place the police " 'in the same, not a *worse*, position [than] they would have been in if no police error or misconduct had occurred.' " *Murray*, 487 U.S. at 537, 108 S.Ct. 2529 (quoting *Nix v. Williams*, 467 U.S. 431, 433, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)).

factual findings, the court of appeals noted that McNaughton's failure to inform the magistrate of the prior illegal entry was indicative of his lack of credibility. *Krukowski,* 2002 UT App 433 at ¶ 16, 62 P.3d 452. Had the court of appeals understood that the prior entry was not material to the magistrate's determination of probable cause, it would have recognized the need to remand the case to the trial court for a new determination of McNaughton's credibility in light of the correct legal standard.

¶ 24 Although it appears appropriate to remand the case to the court of appeals with instructions that the court of appeals remand the case to the trial court for a new assessment as to McNaughton's credibility, the procedural posture of this case counsels otherwise. As previously noted, McNaughton's failure to disclose the illegal entry in his warrant application was only one of the arguments upon which Krukowski relied in seeking to suppress the evidence obtained from the search. Because the district court suppressed the evidence on the basis of McNaughton's failure to disclose the illegal entry and the court of appeals affirmed the suppression order on that basis, neither court analyzed the merits of Krukowski's alternative arguments, and we did not grant certiorari to review them.[4] Nevertheless, the court of appeals may affirm the suppression order on the basis of one or more of Krukowski's alternative arguments. *See Bailey v. Bayles,* 2002 UT 58, ¶ 10, 52 P.3d 1158 (stating that an appellate court may affirm a judgment on "any legal ground or

theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action" (internal quotations omitted)). Accordingly, we remand the case to the court of appeals to consider whether the suppression order may be upheld on alternative grounds. If not, we instruct the court of appeals to remand the case to the trial court for the purpose of assessing McNaughton's credibility in light of the legal principles articulated herein.

## CONCLUSION

¶ 25 When seeking a warrant from a magistrate, police officers are not required to disclose a prior illegal entry because it is not material to the question of probable cause. Indeed, disclosure of a prior illegal entry may be prejudicial to the magistrate's probable cause determination. We therefore reverse the court of appeals and remand for further proceedings consistent with this opinion.

¶ 26 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice NEHRING concur in Justice PARRISH'S opinion.

---

4. The court of appeals' opinion contains a footnote suggesting that the suppression order is alternatively sustainable under *Franks,* 438 U.S. 154, 98 S.Ct. 2674. *Krukowski,* 2002 UT App 433 at ¶ 16 n. 2, 62 P.3d 452. That footnote, however, contains no supporting argument, and

we did not accept certiorari review of that proposition. Accordingly, the argument must be revisited on remand.