2006 UT App 291

**STATE of Utah, Plaintiff and Appellee,**

v.

**Reagan Elizabeth GRIFFITH, Defendant and Appellant.**

**No. 20050200–CA.**

Court of Appeals of Utah.

July 13, 2006.

---

Shelden R. Carter, Provo, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, and Michael D. Wims, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Reagan Elizabeth Griffith appeals the trial court's denial of her motion to suppress evidence. We affirm.

## BACKGROUND

¶ 2 A Utah highway patrol trooper on patrol in the Soldier Summit area of Wasatch County noticed a car parked at a vacant store twenty miles from the nearest town. He pulled up behind the car to see if the occupants needed assistance and, after approaching the vehicle, noticed that the two occupants were both leaning forward over the center console. When the trooper tapped on the driver's side window, Defendant, who was seated in the driver's seat, turned around and dropped a rolled-up dollar bill. The trooper then saw that her passenger was holding a butane lighter, which he tried to conceal. The trooper knew from his training and experience on a narcotics interdiction task force that butane lighters, which produce a larger flame than typical cigarette lighters, are commonly used to prepare drugs for ingestion. Defendant and her passenger appeared very nervous, and when the trooper asked Defendant where they were going, she stated that they were coming from Las Vegas on I–15 and intended to go to I–70. The trooper informed her that they had missed the I–70 turnoff by 200 miles.

¶ 3 Based on these circumstances, the trooper suspected that the rolled-up dollar

bill, the butane lighter, and the behavior of Defendant and her passenger indicated drug use. The trooper searched the vehicle, found methamphetamine, and arrested Defendant and her passenger.

¶ 4 Defendant moved to suppress the evidence on the grounds that the trooper did not have probable cause to search the vehicle. After an evidentiary hearing, the trial court denied the motion, determining that the trooper had probable cause based on his observations at the scene. Defendant filed this appeal.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 Defendant contends on appeal that the trooper did not have probable cause to search the vehicle based on the presence of a rolled-up dollar bill and a butane lighter. We review the trial court's legal conclusions regarding the motion to suppress for correctness. *See State v. Brake,* 2004 UT 95, ¶ 15, 103 P.3d 699.

## ANALYSIS

■ ¶ 6 The Fourth Amendment of the United States Constitution generally requires law enforcement officers to obtain a warrant before conducting a search. *See* U.S. Const. amend. IV.[1] However, one exception to this general rule is known as the "automobile exception": " 'If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.' " *Maryland v. Dyson,* 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999) (per curiam) (omission in original) (quoting *Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam)); *see also State v. Dorsey,* 731 P.2d 1085, 1087 (Utah 1986). Here, there is no dispute that Defendant's vehicle was mobile, and therefore, resolution of Defendant's motion to suppress depends upon whether the trooper had probable cause to believe Defendant's car contained contraband before searching it.

■ ¶ 7 Defendant contends that the trooper did not have probable cause to search the vehicle based merely on the fact that the occupants possessed a dollar bill and a butane lighter, both of which are common items with legal uses. Nonetheless, probable cause to search a vehicle requires only " 'a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile . . . contains that which by law is subject to seizure and destruction.' " *Dorsey,* 731 P.2d at 1088 (quoting *Carroll v. United States,* 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543 (1925)). The officer's belief need not be characterized as a certainty:

> [P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" that certain items may be contraband or . . . useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. . . . "[T]he evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."

*Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (citations omitted). Moreover, "[t]he validity of the probable cause determination is made from the objective standpoint of a 'prudent, reasonable, cautious police officer . . . guided by his experience and training.' " *Dorsey,* 731 P.2d at 1088 (omission in original) (citation omitted). The presence of commonplace items that would not arouse suspicion in a lay person may support probable cause for a law enforcement officer when, in light of the circumstances and based on his experience and training, the items reasonably indicate a relation to illegal activity. *See id.*

■ ¶ 8 Considering the circumstances of this case in their totality, we conclude that the trooper had sufficient information to rea-

---

1. Defendant references both the United States Constitution and the Utah Constitution in her briefs but does not provide separate analysis for her state constitution claims. Accordingly, we consider only her federal claims. *See State v. Rynhart,* 2005 UT 84, ¶ 12, 125 P.3d 938.

sonably believe, based on his training and experience as a narcotics officer, that Defendant's car contained contraband. He found the vehicle in an isolated area and, upon approaching it, discovered the occupants leaning over the center console. When he tapped on the window, Defendant dropped a rolled-up dollar bill and her passenger tried to conceal a butane lighter—both items the trooper knew were frequently used together as drug paraphernalia. Further, when asked about their travel plans, the occupants gave an implausible answer and appeared nervous. With all of these facts, together with the trooper's experience and training, he could have reasonably concluded that Defendant and her passenger were probably ingesting a controlled substance and that the vehicle contained contraband.

## CONCLUSION

¶ 9 Having determined that the trooper had probable cause to search Defendant's vehicle, we affirm the trial court's denial of her motion to suppress.

¶ 10 I CONCUR: JUDITH M. BILLINGS, Judge.

ORME, Judge (dissenting):

¶ 11 I respectfully disagree that the trooper had probable cause to search Defendant's vehicle. When the trooper approached the vehicle, which was not unlawfully parked, he initiated a level one voluntary encounter between law enforcement and one or more citizens. *See State v. Hansen,* 2002 UT 125,- ¶ 34, 63 P.3d 650. *See also* 4 Wayne R. LaFave, *Search and Seizure* § 9.4(a), at 420 n. 49 (4th ed.2004) (citing a multitude of federal and state cases in which courts have concluded that no Fourth Amendment seizure occurred when police officers approached a vehicle parked in a public place and questioned its occupants). Given the hour and location, to say nothing of the trooper's expertise, the butane lighter and rolled-up dollar bill would surely give rise to a reasonable suspicion of unlawful activity, especially in conjunction with the vehicle's occupants claiming to be so far off course from their intended route.

¶ 12 This reasonable articulable suspicion, however, does not validate an immediate warrantless search of the vehicle. *See, e.g., United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (indicating that the automobile exception "applies only to searches of vehicles that are supported by probable cause"). On the contrary, the trooper's reasonable suspicion only authorized him at that point to further detain the vehicle's occupants and investigate the circumstances more fully in an effort to confirm or dispel his suspicions. *See, e.g., Hiibel v. Sixth Judicial Dist. Ct.,* 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) (acknowledging the well-settled principle "that a law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further"); *Hansen,* 2002 UT 125 at ¶ 35, 63 P.3d 650 (stating that an officer may initiate a level two encounter "when specific and articulable facts and rational inferences give rise to a reasonable suspicion a person has or is committing a crime") (internal quotations, alteration, and citation omitted).

¶ 13 I concede that the trooper's further inquiry may well have solidified his suspicions and moved his quantum of knowledge from a mere suspicion—albeit a reasonable and articulable one—to actual probable cause to believe that illegal drugs would be found. Only then, however, would the trooper have had a legal basis on which to conduct the vehicle search. *See, e.g., Ross,* 456 U.S. at 809, 102 S.Ct. 2157. But as it happened, he jumped the gun and effected the search merely on a reasonable articulable suspicion. Under the jurisprudence of the Fourth Amendment, that is simply not enough.