2011 UT App 27

STATE of Utah, Plaintiff and Appellee,

v.

Bryan WATERFIELD, Defendant and Appellant.

No. 20080949–CA.

Court of Appeals of Utah.

Jan. 27, 2011.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for Appellee.

Before Judges McHUGH, ORME, and CHRISTIANSEN.

MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendant argues that the district court erred in concluding that its April 14 and May 19, 2008, orders imposed illegal sentences. Because of this error, he claims, he was prevented from challenging his Residential Substance Abuse Treatment (RSAT) program assessment and from being legitimately considered for a residential drug treatment program. Defendant also alleges that the district court did not properly address his objections to the presentence investigation report (PSI) and that this prevented the court from adequately considering him

for an inpatient drug treatment program. We agree with both parties that the district court erred in setting aside its April 14 and May 19 orders as illegal sentences, but we substantially embrace the logic set out by the State.

■ ¶ 2 First, we conclude that the district court erred in setting aside its April 14 order as an illegal sentence under rule 22(e) of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 22(e). Once Defendant admitted to probation violations, the district court had discretion to restart his probation, and it appropriately did so at the April 14 hearing. *See* Utah Code Ann. § 77–18–1(12)(e)(ii) (Supp.2010) ("Upon a finding that the defendant violated the conditions of probation, the court may order the probation revoked, modified, continued, or that the entire probation term commence anew."). The district court later concluded, however, that its April 14 order was an illegal sentence because the court neglected to suspend Defendant's original sentence when it restarted his probation.

¶ 3 Rule 22(e) permits a court to "correct an illegal sentence ... at any time." Utah R.Crim. P. 22(e). This review is limited, however, and courts may only set aside "sentences that are manifestly or patently illegal." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008. "A 'patently' or 'manifestly' illegal sentence generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) where the sentence is beyond the authorized statutory range." *State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854.

¶ 4 Although we agree that the district court erred in failing to suspend Defendant's original sentence when it restarted his probation, this error is not the type of jurisdictional or statutory error correctable under rule 22(e),[1] *see id.* Rather, this error is best characterized as an "oversight or omission"

correctable under rule 30(b) of the Utah Rules of Criminal Procedure, *see* Utah R.Crim. P. 30(b) (providing that a clerical error in a judgment resulting from an "oversight or omission" may be corrected at any time), as it was implicit in the district court's order restarting probation that Defendant's original sentence had to be suspended for him to comply with the terms of probation. *See State v. Rodrigues*, 2009 UT 62, ¶ 14, 218 P.3d 610 ("A clerical error is one made in recording a judgment that results in the entry of a judgment which does not conform to the actual intention of the court.") (citation and internal quotation marks omitted).

■ ¶ 5 Second, we agree with both parties that the district court erred in setting aside its May 19 order. Once it became apparent that Defendant was not eligible for the RSAT program—a condition of his continued probation—the district court correctly revoked probation and imposed Defendant's original sentence. *See* Utah Code Ann. § 77–18–1(12)(e)(ii) (providing that the district court has discretion to revoke probation if a defendant violates its conditions); *id.* § 77–18–1(12)(e)(iii) ("If probation is revoked, ... the sentence previously imposed shall be executed."). However, this procedure was not a "resentencing," as the district court characterized it, but rather the execution of Defendant's original sentence. *See State v. Anderson*, 2009 UT 13, ¶ 15, 203 P.3d 990 ("[I]f a judge revokes probation, she may only execute the previously imposed suspended sentence."). *See also State v. Gustafson*, 38 Or.App. 437, 590 P.2d 733, 734 (1979) (holding that execution of a previously imposed sentence does not constitute a sentence). Accordingly, because execution of Defendant's original sentence was not a sentence in and of itself, the district court erred when it invoked rule 22(e) to address any error that might have occurred during the May 19 hearing.[2]

---

1. We also see nothing in the definition of "illegal sentence" adopted by the Utah Supreme Court in *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984, that would justify use of rule 22(e) to set aside the April 14 order as an illegal sentence.

2. The district court's stated reason for setting aside its May 19 order was because it failed to

consult a PSI. We note, however, that consultation of a PSI is not mandatory. *See* Utah Code Ann. § 77–18–1(5)(a) (Supp.2010) ("Prior to the imposition of any sentence, the court *may*, with the concurrence of the defendant, continue the date for the imposition of sentence for a reasonable period of time for the purpose of obtaining a [PSI].") (emphasis added); *State v. Madsen*, 2002

¶ 6 Next, Defendant alleges that the district court's decision to set aside its April 14 and May 19 sentences prejudiced him. Specifically, Defendant alleges that because the district court declared that the RSAT screening issues were moot as a result of its September 8 order, it cut off his opportunity to challenge his RSAT program assessment or to be screened for any residential drug treatment program. We disagree. Although the district court declared that the issues surrounding the prior RSAT screening had become moot, it nevertheless went to unusual lengths to ensure that Defendant had been adequately screened for the RSAT program.

¶ 7 Specifically, the district court repeatedly expressed concerns about the propriety of the prior RSAT screening. To address those concerns, it held a hearing during which it compelled the State to explain in detail how the RSAT screening procedure functioned; why Defendant, with his prior drug distribution and other felony convictions, was automatically ineligible for the RSAT program; what other psychological factors disqualified Defendant from the RSAT program; and how Adult Probation and Parole had decided to provide both the court and Defendant a written evaluation of psychological factors supporting a determination that he was ineligible for the RSAT program.[3] Thus, the facts establish that the district court reviewed Defendant's RSAT screening extensively, even after it characterized the issue as moot. Accordingly, the district court erred in concluding that its April 14 and May 19 orders were illegal. But because Defendant has not shown that he was prejudiced as a result, we have no occasion to reverse the district court on this issue. *See* Utah R.Crim. P. 30(a) ("Any error, defect, irregularity or variance which does not affect the substantial rights of a party shall be disregarded.").

¶ 8 Next, Defendant argues that the district court failed to adequately address the "numerous objections" he made to the PSI during the October 6 hearing. Under Utah Code section 77–18–1(6)(a), "[a]ny alleged inaccuracies in the [PSI], which have not been resolved by the parties and the department prior to sentencing, shall be brought to the attention of the sentencing judge." Utah Code Ann. § 77–18–1(6)(a) (Supp.2010). The sentencing judge is required "to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *State v. Jaeger,* 1999 UT 1, ¶ 44, 973 P.2d 404.

¶ 9 We agree that the district court's statement that it would "accept th[e] additional corrections" raised by Defendant did not satisfy its duty to resolve objections to the PSI on the record. *See State v. Veteto,* 2000 UT 62, ¶ 14, 6 P.3d 1133 (explaining that general statements are insufficient to properly resolve objections to a PSI). The State concedes that the district court failed to properly resolve two specific errors on the record. Defendant alleges, however, that the district court failed to address "numerous" errors in the PSI. Because the district court is in a better position to address any inaccuracies in the PSI, we remand for that purpose. *See State v. Kohl,* 2000 UT 35, ¶ 35, 999 P.2d 7 (remanding to allow the district court to fulfill its statutory duty of properly resolving objections to the PSI on the record).

¶ 10 Finally, Defendant argues that the district court's failure to properly address objections to the PSI prejudiced him. We conclude that this claim is inadequately briefed. To begin, Defendant does not claim prejudice in the district court's failure to address objections he made to statements in the PSI regarding drug treatment programs in which he participated. Moreover, Defendant merely concludes, without reasoned

UT App 345, ¶ 14, 57 P.3d 1134 ("Use of the permissive term 'may' plainly indicates that the trial court is not required to continue sentencing to obtain a [PSI]."). In any event, Defendant waived his right to a PSI at his December 2007 sentencing and he agreed to be immediately "resentenced" without the benefit of a PSI at the May 19 hearing after it was determined that he was ineligible for the RSAT program.

3. We also note that despite the district court's invitation, Defendant offered no evidence or argument to rebut the State's evidence establishing that the screening was fair.

analysis, that if the district court had properly addressed additional, unidentified errors in the PSI, he would have been more fully considered for a drug treatment program. Because "[a] brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments," *West Jordan City v. Goodman*, 2006 UT 27, ¶ 29, 135 P.3d 874 (citation and internal quotation marks omitted), we decline to reach the merits of Defendant's argument.[4] *See* Utah R.App. P. 24(a)(9).

¶ 11 However, because the statements in Defendant's PSI may be utilized in future settings, such as parole hearings, it is necessary that Defendant's objections be resolved on the record. *See Jaeger*, 1999 UT 1, ¶ 45 n. 6, 973 P.2d 404. Accordingly, we remand for the limited purpose of resolving Defendant's objections to the PSI that were not adequately addressed on the record by the district court during the October 6 hearing.[5] *See id.* ¶ 46. Otherwise, we affirm.[6]

¶ 12 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and MICHELE M. CHRISTIANSEN, Judge.

---

4. In any event, we have concluded that Defendant was never illegally sentenced, that his probation was properly revoked, and that his original sentence was appropriately executed at the May 19 hearing. Therefore, we fail to see how addressing alleged inaccuracies in what essentially was a post-sentence report would have somehow led to a different outcome for Defendant.

5. To address Defendant's objections to the PSI, "[t]he court may hold an additional hearing if required by the circumstances, or simply enter the necessary findings upon the record where the contested issues were presented to the court and considered at the sentencing hearing." *State v. Veteto*, 2000 UT 62, ¶ 15, 6 P.3d 1133.

6. Defendant's ineffective assistance of counsel claim is also inadequately briefed, and we decline to consider its merits. *See* Utah R.App. P. 24(a)(9).