2006 UT App 3

**STATE of Utah, Plaintiff and Appellee,**

v.

**Rick Duane JOHNSON, Defendant and Appellant.**

No. 20050050–CA.

Court of Appeals of Utah.

Jan. 12, 2006.

Josie E. Brumfield, Debra Meek Nelson, and Robert K. Heineman, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, Marian Decker, Assistant Attorney General, Salt Lake City, for Appellee.

Before BENCH, P.J., and McHUGH, and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Defendant Rick Duane Johnson appeals his sentences for attempted sodomy on a child, see Utah Code Ann. §§ 76-4-102, -5-403.1 (2003), and attempted aggravated sexual abuse of a child, see id. §§ 76-4-102, -5-404.1(3) (2003), on the grounds that the trial court failed to make adequate findings at sentencing relating to an alleged inaccuracy in his presentence investigation report (PSI). For the reasons set forth below, we affirm.

## BACKGROUND

¶ 2 On October 22, 2004, Johnson pleaded guilty to attempted sodomy on a child and attempted aggravated sexual abuse of a child based on conduct that occurred between Johnson and his two young granddaughters, K.R. and M.J. Sentencing on the two convictions was held on December 17, 2004. Prior to the hearing, Johnson and his attorney reviewed Johnson's PSI. Under "Criminal History," the PSI lists an offense that occurred on October 16, 1978. The offense is recorded as "W/A Lewdness," and the disposition states that Johnson received "30 days jail, six months probation, $75 fine" and that there was "no further information available."

¶ 3 At the sentencing hearing, the trial court asked if there were any corrections to the PSI. Defense counsel informed the trial court that there were corrections:

> The report indicates a lewdness incident back in 1978. Mr. Johnson's recollection of that is that he was booked and released and no charges were ever brought. The State indicates they seem to think there was a disposition on that, including 30 days' jail. Mr. Johnson has no recollection of that and I think that would be something he certainly would remember. I'm not sure how the court wants to proceed with that. I don't know if AP & P has further evidence. In terms of scoring him on the offender matrix, they give him one point for this misdemeanor conviction. They also give him one point for being on prior probation. He indicates he never was supervised by anybody, and on a misdemeanor like that, I'm not sure it would be a formal probation. So, both of those points, at this point, we do dispute.

The court then asked for more information, and the probation agent testified that the information was taken from Johnson's "rap sheet," or Bureau of Criminal Investigation (BCI) report. The probation officer indicated that he had talked to Johnson about it: "[A]nd that's what [Johnson] told me, is that he didn't remember it at all. So, I brought it up, and he thought it was a public urination charge. But the information was on the rap sheet."

¶ 4 The court stated that "given the nature of these offenses, and the mandatory nature of one of these charges, I think that whether he scored one or two points is irrelevant." However, the court then heard additional information from defense counsel, who argued that the two points were relevant because they raised Johnson from criminal history category Row I to Row II on the sex offender matrix and increased his presumptive time in prison by twenty months.[1] The

---

1. Under Utah's indeterminate sentencing scheme, defendants convicted of a sex offense are evaluated using a point system labeled the "Sex Offender Matrix." Utah Adult Sentencing and Release Guidelines 11, Form 2 (2004).

Johnson scored four points total on the matrix for his criminal history row: one point for having a prior misdemeanor conviction, the contested 1978 lewdness charge; one point for being on

prior supervision, again relating to the lewdness charge; and two points for the length of time over which he committed his current offenses. Thus, Johnson was scored under criminal history Row II. This put his presumptive incarceration at sixty-two months under the matrix. Had Johnson only scored two or three points, Johnson would have been placed under criminal history

court noted that the "BCI is presumptively correct" and specifically asked defense counsel if he had any other evidence, aside from Johnson's memory, to illustrate that the conviction was improperly recorded. Defense counsel never addressed the trial court's question, but instead argued that the BCI report did not indicate whether there was formal probation or not, and that Johnson received an extra point for being on probation based on the prior conviction. Addressing this concern, the court asked the probation officer where the supervised probation information came from. The probation officer told the court, "That's exactly how it's stated on the BCI report is 'probation.' It doesn't allude to—it wasn't through our office. We don't have any record. Of course, being 1978, we couldn't have a record." The probation officer also asserted to the court that the probation need not be supervised to qualify for the one point increase.

¶ 5 After hearing argument, the court determined that the PSI matrix was properly scored at four points, two points for the time range and two points for the supervision history and prior misdemeanor conviction. The court took notice of the BCI report and held that "the scoring is appropriate." Johnson was then sentenced to a mandatory three-to-life term for the attempted sodomy on a child conviction, and a consecutive three-to-life term for the attempted aggravated sexual abuse of a child conviction.

## ISSUES AND STANDARD OF REVIEW

██ ¶ 6 Johnson argues that the trial court failed to determine on the record the "relevance and accuracy" of the contested conviction found in his PSI. Utah Code Ann. § 77–18–1(6)(a) (Supp.2005). " 'Whether the trial court properly complied with a legal duty to resolve on the record the accuracy of contested information in sentencing reports is a question of law that we review for correctness.' " *State v. Maroney,* 2004 UT App 206, ¶ 23, 94 P.3d 295 (quoting *State v. Veteto,* 2000 UT 62, ¶ 13, 6 P.3d 1133).

██ ¶ 7 Johnson also contends that the trial court erred in using the information contained in the BCI report because that information was not sufficiently reliable to comport with due process. "[S]o long as basic constitutional safeguards of due process and procedural fairness are afforded, the trial court has broad discretion in considering any and all information that reasonably may bear on the proper sentence." *State v. Patience,* 944 P.2d 381, 389 (Utah Ct.App.1997) (quotations and citations omitted).

## ANALYSIS

### I. The Trial Court's Determinations Regarding the PSI

██ ¶ 8 The Utah Code addresses the proper procedures to be utilized at sentencing when there are disputed facts in a PSI:

Any alleged inaccuracies in the [PSI], which have not been resolved by the parties and the department prior to sentencing, shall be brought to the attention of the sentencing judge, and the judge may grant an additional ten working days to resolve the alleged inaccuracies of the report with the department. If after ten working days the inaccuracies cannot be resolved, the court shall make a determination of relevance and accuracy on the record.

Utah Code Ann. § 77–18–1(6)(a). "Compliance with section 77–18–1(6)(a) further 'requires the sentencing judge to consider the party's objections to the report, make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing.' " *State v. Maroney,* 2004 UT App 206, ¶ 26, 94 P.3d 295 (quoting *State v. Jaeger,* 1999 UT 1, ¶ 44, 973 P.2d 404). "It is insufficient to make general statements 'concerning the court's view of the defendant and the case.' " *State v. Veteto,* 2000 UT 62, ¶ 14, 6 P.3d 1133 (quoting *Jaeger,* 1999 UT 1 at ¶ 44, 973 P.2d 404).

¶ 9 Johnson argues that the trial court failed to make necessary findings on the record as outlined in the supreme court's decision in *Jaeger. See* 1999 UT 1 at ¶ 44, 973 P.2d 404. In *Jaeger,* a defendant objected to three alleged errors or omissions in his

Row I, with a presumptive incarceration of forty- two months.

PSI. *See id.* at ¶ 42. Although the prosecution agreed with the defendant that there were some errors, the trial court refused to amend or modify the PSI. *See id.* The trial court specifically stated that "the presentence report is the way it is. . . . As far as my amending or changing the presentence report, I will not make a decision either way." *Id.* (quotations omitted). The supreme court determined that the trial court had failed to meet the requirements of section 77–18–1(6)(a). *See id.* at ¶ 44. The court noted that although the statute "does not require the judge to 'rewrite' the [PSI]" it does require the judge to "make findings on the record as to whether the information objected to is accurate, and determine on the record whether that information is relevant to the issue of sentencing." *Id.* at ¶ 45. The court then remanded the case to the trial court to properly resolve the defendant's objections to the PSI. *See id.* at ¶ 46.

¶ 10 By contrast, in this case the judge did make findings on the record regarding the relevance and accuracy of the contested information. Unlike the trial court in *Jaeger,* the judge in this case recognized Johnson's objections and specifically asked the probation officer whether he had any information to give to the court. The trial court initially determined that "given the nature of these offenses, and the mandatory nature of one of these charges, I think that whether he scored one or two points is irrelevant." Defense counsel questioned this determination, noting that the one point increase raised Johnson's presumptive jail time by twenty months. We agree with the State that, by further addressing Johnson's argument and requesting additional testimony from the probation officer regarding the past supervision, the trial

court recognized on the record the relevance of the contested information at sentencing.[2]

¶ 11 Regarding the accuracy of the BCI report, the court specifically asked defense counsel whether he had any additional information or evidence regarding the conviction. Defense counsel did not address this question and we presume that, were any additional evidence available, Johnson would have presented it. At no time during the colloquy did Johnson suggest or imply that he had supporting evidence that could contradict the information contained in the BCI report. At no time did Johnson request that the trial court grant him additional time to find evidence demonstrating that his PSI was erroneous. The probation officer indicated that the State, too, had no other information relating to the offense: "We don't have any record. Of course, being 1978, we couldn't have a record."

¶ 12 In light of the fact that no additional evidence was presented by either side, nor was additional time requested, the trial court appropriately weighed the evidence presented and determined that the BCI report was more credible than Johnson's vague and self-serving memory. In the absence of a request or any indication that further evidence was available, the court was not required to order a continuance under Utah Code section 77–18–1(6)(a), and the trial court acted appropriately in making its determination at the sentencing hearing. After hearing all of the evidence, the court determined that "the scoring is appropriate" and found "[o]ne point for the supervision history and one point for the prior misdemeanor conviction." Accordingly, the court fulfilled its statutory duty to make the necessary findings on the record by determining that the information contained in the PSI was relevant and accu-

---

2. Throughout Johnson's brief and in oral argument, Johnson consistently implies that the trial court has a more active role in sentencing determinations. The role of the trial court at sentencing has been thoroughly discussed by the supreme court in *Labrum v. Utah State Board of Pardons,* 870 P.2d 902 (Utah 1993). In *Labrum,* the court noted that the role of the judge at sentencing is to determine whether to impose prison terms or probation using the guidelines, but the judge " 'has no discretion in fixing the term of imprisonment. He or she simply imposes the statutorily prescribed range of years, and

the Board of Pardons determines exactly how long the prisoner is to be confined.' " *Id.* at 907 (quoting *State v. Egbert,* 748 P.2d 558, 563 (Utah 1987) (Zimmerman, J., dissenting)). The sentencing court is left with even less discretion in cases, like this one, where a minimum mandatory prison sentence must be imposed. Thus, although the court below recognized the importance of determining whether the information contained in the PSI was relevant and accurate, it was correct in stating that the one point was irrelevant to its own sentencing determination.

rate and that Johnson's score was appropriate.

## II. Preservation of the Reliability Issue

 ¶13 Johnson also challenges the reliability of the information contained in the BCI report. The State contends that this issue was not preserved for appellate review where Johnson did not make a specific objection on the record. "As a general rule, appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown*, 856 P.2d 358, 359 (Utah Ct.App.1993). "Utah courts require specific objections in order 'to bring all claimed errors to the trial court's attention to give the court an opportunity to correct the errors if appropriate.'" *Id.* at 361 (quoting *VanDyke v. Mountain Coin Mach. Distrib., Inc.*, 758 P.2d 962, 964 (Utah Ct.App.1988)).

> Where there is no clear or specific objection and the specific ground for objection is not clear from the context the theory cannot be raised on appeal. Moreover, it is well settled that a defendant who objects to the admission of evidence has the burden to make certain that the record he compiles will adequately preserve his arguments for review. One who fails to make a necessary objection or who fails to ensure that it is on the record is deemed to have waived the issue.

*State v. Smedley*, 2003 UT App 79,¶10, 67 P.3d 1005 (alterations omitted) (citations and quotations omitted).

¶14 At sentencing, Johnson initially disputed the 1978 conviction, stating through counsel that his recollection was that he was booked and released but no charges were ever brought. The court discussed the evidence regarding the conviction with the probation officer and defense counsel. Once the court determined that the PSI was properly scored, defense counsel made no objection to this finding. Instead, defense counsel

thanked the court and moved on to his argument regarding recommendations for Johnson's prison sentence. There is no specific, or even general, objection on the record regarding the reliability of the probation officer's testimony or the BCI report. In fact, there is nothing on the record whatsoever to illustrate that Johnson raised the issue of unreliability to the trial court. *See State v. Weeks*, 2000 UT App 273,¶8, 12 P.3d 110 (holding that defendant waived his entitlement to a restitution hearing where he did not object, question, or even mention restitution at sentencing), *aff'd on other grounds*, 61 P.3d 1000 (Utah 2002).

¶15 Johnson did not argue that BCI reports or "rap sheets" are inherently unreliable, never raised a due process concern with the court, never discussed any hearsay problems regarding the probation officer's testimony, and never presented any evidence or testimony to indicate that rap sheets or BCI reports are unreliable. Furthermore, Johnson failed to request additional time to gather evidence that would show that Johnson's rap sheet, or rap sheets in general, are unreliable. Johnson merely sought a determination of the accuracy[3] of the PSI as it described a prior conviction and disposition, and once that determination was made, Johnson moved on without disputing the court's findings. Finally, Johnson did not argue on appeal that the trial court committed plain error or that the case involves exceptional circumstances. Accordingly, Johnson's failure to preserve the issue before the trial court constitutes a waiver, precluding our consideration of the issue on appeal.

## CONCLUSION

¶16 The trial court made the findings required by section 77–18–1(6)(a), determining that the disputed information contained in the PSI was relevant and accurate. Absent a specific objection to those findings on reliability grounds, or a request for more time to marshal evidence challenging the conviction and disposition found in the BCI report, the

---

3. We note that the concepts of accuracy and reliability, while similar, are independent of each other. A source may be reliable but not accurate, or accurate but not reliable. In this case,

an objection was made to the accuracy of the BCI report contained in the PSI, but no similar objection was made to the reliability of the BCI report.

issue of the reliability of the BCI report was not properly preserved. Thus, we affirm Johnson's sentence.

¶ 17 WE CONCUR: Russell W. Bench, Presiding Judge, and Carolyn B. McHugh, Judge.